**UNITED TRANSPORTS, INC., and Clark Transport Company, Plaintiffs,**

**v.**

**UNITED STATES of America and The Interstate Commerce Commission, Defendants,**

**and**

**Kenosha Auto Transport Corporation, Intervening Defendant.**

**Civ. No. 65-119.† \***

United States District Court
W. D. Oklahoma.

Sept. 9, 1965.

Restraining Order and Order Consolidating Cases Filed
Oct. 5, 1965.

Bohanon, District Judge, dissented.

James W. Wrape and Robert E. Joyner, Memphis, Tenn., Wrape & Hernley, Memphis, Tenn., and Washington, D. C., and Larry Hartzog, Oklahoma City, Okl., for plaintiff United Transports, Inc.

Clay R. Moore and Mackall, Crounse, Moore, Helmey & Holmes, Minneapolis, Minn., for plaintiff Clark Transport Co.

A. Paul Murrah and Mosteller, Andrews & Mosburg, Oklahoma City, Okl., for plaintiff United Transports, Inc. and Auto Convoy Co., intervening plaintiff.

Reagan Sayers and Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Tex., for intervening plaintiff Auto Convoy Co.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Attorney, Depart-

ment of Justice, and B. Andrew Potter, U. S. Atty., for the United States of America.

Robert W. Ginnane, General Counsel, and Robert S. Burk, Washington, D. C., for Interstate Commerce Commission.

W. T. Brunson and Charles D. Dudley, Oklahoma City, Okl., and Paul F. Sullivan, Washington, D. C., for intervening defendant Kenosha Auto Transport Corp.

Donald W. Smith, and Smith & Smith, Indianapolis, Ind., for intervening defendant Commercial Carriers, Inc.

Before PICKETT, Circuit Judge, and BOHANON and LANGLEY, District Judges.

LANGLEY, District Judge.

This is an action to set aside an order of the Interstate Commerce Commission.

The record before the Commission at the time the order complained of was issued has been introduced in this proceedings and is the only evidence before the court. From this record it appears that Kenosha Auto Transport Corporation, of Kenosha, Wisconsin, is the holder of Certificates of Public Convenience and Necessity under which it is authorized to transport as a driveaway hauler, trucks and other motor vehicles from the manufacturing and assembly plants

†RESTRAINING ORDER

Pursuant to the authority contained in Section 2324, Title 28 United States Code, it is ordered that the temporary restraining order heretofore entered in the above captioned cases (now consolidated for all purposes) on September 9, 1965, be and the same hereby is continued in full force and effect until final determination of an appeal to the Supreme Court of the United States from the judgments entered herein, and for so long as said appeal is pending.

Dated this 30th day of September, 1965.

JOHN C. PICKETT, Circuit Judge, LUTHER BOHANON, EDWIN LANGLEY, District Judge.

* ORDER CONSOLIDATING CASES

Upon application having been made by the plaintiffs in the above captioned causes, and said cases having presented identical issues and having been consolidated for purposes of trial, it is ordered that the above captioned causes be and the same hereby are consolidated for all purposes.

Dated this 30th day of September, 1965.

JOHN C. PICKETT, Circuit Judge, LUTHER BOHANON, EDWIN LANGLEY, District Judge.

This is an action to set aside an order of International Harvester Company at Bridgeport, Connecticut, Fort Wayne, Indiana, and Springfield, Ohio, to destination points in some twenty-seven states. During the years 1960, 1961, and 1962, it averaged transporting in excess of 50,000 vehicles a year from these plants. In November, 1962, International Harvester began utilizing rail shipments, and in 1963 shipped approximately 15,000 vehicles by that means. Although because of increased production by International Harvester, Kenosha's actual loss in traffic was only about 3,000 vehicles below its average for the preceding three years, the loss of revenue from what it would have been except for the rail shipments was substantial. Further, International Harvester's plans were for a continued increase in the use of rail transportation to the twenty-seven state area served by Kenosha. On December 2, 1963, in Docket No. MC–30837 (Sub. No. 185), Kenosha filed a petition with the Commission in which it set out these facts and asked for a modification of its certificates which would allow it to pick up at the destination railheads the traffic shipped from these plants by rail and to continue the shipments by motor carrier to final destination points in the twenty-seven state area. The application was made following the entry of a decision by the Commission on October 15, 1963, in National Auto Transporters Association —Petition for Declaratory Order, 91

M.C.C. 395, holding that "initial" certificate holders such as Kenosha could not complete shipments begun by rail, but establishing principles and procedures under which modifications of existing certificates could be secured to allow such "secondary" hauling.

By its order entered December 9, 1964, the Interstate Commerce Commission authorized the modification applied for in accordance with the principles and procedures it had established in the NATA decision. The order was entered over the objections of United Transports, Inc., of Oklahoma City, Oklahoma, and Clark Transport Company, of Chicago Heights, Illinois, plaintiffs herein, and Auto Convoy Company, of Dallas, Texas, intervening plaintiff, and others not appearing in this proceedings. Their objections were primarily that no public necessity for additional service from the railheads had been or could be shown, that they were rendering satisfactory service and could continue to do so, that to permit Kenosha to participate in the traffic would result in financial loss to them, and that to issue the modification requested without a finding of public need for the service after a full hearing in the manner of an application for a new certificate would be arbitrary, capricious, an abuse of discretion, wholly wrong and wholly illegal. And those same objections are raised here as grounds requiring the order to be set aside.

In United Transports, Inc. v. United States, Case No. 65–118 on the docket of this court, in an order entered this date, we sustained the authority of the Commission to enter a similar order under similar facts, relying on Motor Convoy v. United States, D.C., 235 F.Supp. 250, affirmed on its merits on appeal to the Supreme Court in a per curiam decision (381 U.S. 436, 85 S.Ct. 1575, 14 L.Ed.2d 692), as establishing the legal sufficiency of the procedure laid down in the NATA declaratory order. The application here fully complies with the NATA procedures, and nothing before this court indicates that the Commission did not consider all factual representations made by the protestants as well as by the applicant. There are no representations of facts in the proceedings before the Commission, all of which are accepted as true, that require setting aside the order as having been entered outside the principles of the NATA case. There is nothing in the record before the Commission to indicate what evidence relevant to the issues, if any, would have been offered to the Commission if an oral hearing had been granted. And no such evidence has been offered here.

In these circumstances, and for the reasons set out in Case No. 65–118, 245 F.Supp. 561, referred to above, we are of the opinion, and so find, that the complaint herein should be denied and the action dismissed.

BOHANON, District Judge (dissenting).

The questions presented in this case are identical with those presented in my dissent in Case No. 65–118, 245 F.Supp. 566 and I therefore adopt for the purpose of this case my Dissenting Opinion in Case No. 65–118.